UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DULWORTH FAMILY L.P., et al.,

    Plaintiffs,

v.                                                      Case No. 2:11-cv-00584-UA-DNF

400 LA PENINSULA CONDOMINIUM
ASSOCIATION, Inc.,

    Defendant.
_____/

## ORDER

BEFORE THE COURT is Defendant's motion to dismiss (Dkt. 11), to which Plaintiffs have responded in opposition (Dkt. 16). The motion is GRANTED *in part*.

### Background

This is a simple dispute over who will pay to install a wheelchair ramp leading to a single condominium unit. Dulworth Family L.P. owns a unit in 400 La Peninsula Condominiums, which Mary Dulworth uses as a seasonal residence. She became disabled in 2010 and, since then, has required a walker or wheelchair for mobility. Because the unit is only accessible by a staircase, Ms. Dulworth has been unable to use the residence.

The staircase leading to the Dulworth unit is a common area which is controlled and maintained by 400 La Peninsula Condominium Association. Ms. Dulworth's son, who is a partner of Dulworth Family L.P. (Compl. ¶ 7), asked the Association to make a reasonable accommodation for her disability. The Association responded that it would allow the installation of a wheelchair ramp, provided that it is done at the Dulworths' expense and the ramp is removed upon the sale of the unit. The parties were unable to resolve their differences, and this action followed.

## Discussion

Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiffs allege three independent claims under the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* In Count I, Plaintiffs allege that the Association "fail[ed] to remedy deficiently constructed components of the condominium building" in violation of 42 U.S.C. § 3604(f)(2). (Compl. ¶ 29). Under § 3604(f)(2), it is unlawful:

> (2) <u>To discriminate against any person</u> in the terms, conditions, or privileges of sale or rental of a dwelling, or <u>in the provision of</u> services or <u>facilities in connection with such dwelling, because of a handicap of</u>--
>
> (A) <u>that person</u>; or
>
> (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or
>
> (C) any person associated with that person.

42 U.S.C. § 3604(f)(2) (emphasis added).

The Association argues that Plaintiffs cannot sue for the "failure to remedy" the deficient common areas that Ms. Dulworth must traverse to access the unit. The Association insists that Plaintiffs are instead limited to an action for discrimination in connection with the "design and construction" of the building. The Association contends that any such design and construction claim is barred by the statute of limitations, as the Certificate of Occupancy was issued more two years before Plaintiffs filed this action.

The Association's argument falters at its initial premise. In arguing that Plaintiffs are limited

to a "design and construction" claim, the Association relies on 42 U.S.C. § 3604(f)(3)(C), which provides:

> (3) For purposes of this subsection, discrimination includes--
>
> . . .
>
> (C) in connection with the design and construction of covered multifamily dwellings for first occupancy after the date that is 30 months after September 13, 1988, a failure to design and construct those dwellings in such a manner that--
>
> . . .
>
> (iii) all premises within such dwellings contain the following features of adaptive design:
>
> (I) an accessible route into and through the dwelling . . . .

Contrary to the Association's apparent suggestion, § 3604(f)(3) is not an exhaustive list of the conduct prohibited by § 3604(f)(2). *See Harding v. Orlando Apartments, LLC,* No. 6:11-cv-85-Orl-19DAB, 2011 WL 1457164, at *5 (M.D. Fla. Apr. 15, 2011). Indeed, the "legislative history underlying Section 3604(f)(2) makes clear that the failure to remedy deficiently constructed components of [a condominium] building may constitute discrimination pertaining to the 'facilities in connection with a dwelling.' " *Id.* The House Judiciary Committee Report states:

> New subsection 804(f)(2) would similarly prohibit discrimination against the same persons in the terms, conditions, privileges, or provision of services or facilities. . . . To the extent that . . . facilities operate to discriminate against a person because of a handicap, elimination of the discrimination would be required in order to comply with the requirements of this subsection.

H.R. Rep. 100-711, at 23-24 (Jun. 17, 1988).

Given the plain language of the statute and its legislative history, the Association's failure to remedy the deficiencies in the common areas may amount to discrimination in the "provision of facilities" in violation of § 3604(f)(2). *See Harding,* 2011 WL 1457164, at *4-6. Plaintiffs have

therefore stated a cause of action that is separate and apart from any claim related to the design and construction of the building. The Association's argument, which is based solely on the statute of limitations for a design and construction claim, is therefore rejected.

In Count II, Plaintiffs allege that the Association refused to allow a reasonable accommodation that would have enabled Ms. Dulworth to access the residence. The Association argues that the section governing reasonable accommodations in "rules, policies, practices, or services" does not apply to modifications of existing facilities. *See* 42 U.S.C. § 3604(f)(3)(B). In response, Plaintiffs have clarified that their claim is based on § 3604(f)(3)(A), which defines discrimination to include "a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises . . . ." The Association's reliance on *Reyes v. Fairfield Properties*, 661 F. Supp. 2d 249, 258-59 (E.D.N.Y. 2009), which was based on § 3604(f)(3)(B), is unavailing.

Count III arises under 42 U.S.C. § 3617, which provides:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

Plaintiffs contend that the Association unlawfully "interfered" with the Dulworths' Fair Housing Act rights by (1) failing to remedy and retrofit the deficiently constructed portions of the building, and (2) refusing to grant an accommodation unless they agreed to the subsequent removal of the ramp.

The Association argues that Count III is due to be dismissed because a claim for interference must be premised on discriminatory conduct that is severe and pervasive. District courts have indeed held that under § 3617, "the discriminatory conduct must be pervasive and severe enough to be considered as threatening or violent." *Lawrence v. Courtyards at Deerwood Ass'n, Inc.*, 318 F. Supp.

2d 1133, 1144-45 (S.D. Fla. 2004); *see also Gourlay v. Forest Lake Estates Civil Ass'n of Port Richey, Inc.*, 276 F. Supp. 2d 1222, 1236 (M.D. Fla. 2003), vacated on other grounds, 2003 WL 22149660 (M.D. Fla. Sept. 16, 2003). But, as Plaintiffs observe, at least one district court has held that a cause of action for interference does not require severe and pervasive conduct where there was also a violation of § 3604. *Jackson v. Comberg*, No. 8:05-CV-1713-T-24TMAP, 2007 WL 2774178, at *6 (M.D. Fla. Aug. 22, 2007).

While the Eleventh Circuit has not prescribed the precise magnitude of conduct required by § 3617,[1] it did hold that a cause of action arose where plaintiff's neighbors threatened "to break [him] in half if he did not get out of the neighborhood" and hit his truck while shouting obscenities and spitting at him. *Sofarelli v. Pinellas Cnty.*, 931 F.2d 718, 722 (11th Cir. 1991). Further, there was evidence that his neighbors "had racial motivations for these actions." *Id.* At the other end of the spectrum, complaints for violating community rules and towing a car that was leaking oil do not rise to the level of conduct required by § 3617. *Wood v. Briarwinds Condominium Ass'n Bd. of Dirs.*, 369 F. App'x 1, 3-4 (11th Cir. 2010).

Regardless of where the line is drawn, it is clear that a plaintiff must allege at least some egregious conduct that interfered with the exercise of his or her Fair Housing Act rights. This conduct, of course, must be something more than the mere violation of §§ 3603, 3604, 3605, or 3606. Otherwise, "every allegedly discriminatory denial of housing under § 3604(a) [or any other enumerated section] would also constitute a violation of § 3617 in that the denial 'interfered' with [the plaintiff's] Fair Housing Act rights." *Frazier v. Rominger*, 27 F.3d 828, 834 (2d Cir. 1994). Congress did not intend "such a statutory overlap." *Id.*

---

[1] The Seventh Circuit has stated, "'[i]nterference' is more than a 'quarrel among neighbors' or an 'isolated act of discrimination,' but rather is a 'pattern of harassment, invidiously motivated.'" *Bloch v. Frischholz*, 587 F.3d 771, 783 (7th Cir. 2009) (en banc) (quotation omitted).

In their complaint, Plaintiffs have simply recast their claims that the Association refused to remedy the property in violation of § 3604(f)(2) and denied their request for a reasonable accommodation in violation of § 3604(f)(3)(A) as an interference claim. These allegations do not involve the type of conduct that is necessary to state a cause of action under § 3617. *Frazier*, 27 F.3d at 834; *Solodar v. Old Port Cove Lake Point Tower Condominium Ass'n, Inc.*, No. 12-80040-CIV, 2012 WL 1570063, at *8 (S.D. Fla. May 2, 2012). Count III is therefore due to be dismissed.[2]

## Conclusion

Accordingly, Defendant's motion to dismiss (Dkt. 11) is GRANTED *in part*, to the extent that Count III is dismissed without prejudice. Plaintiffs are granted leave to amend Count III within 14 days. The motion is denied in all other respects.

**DONE AND ORDERED** this 20th day of July, 2012.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[2] Given Plaintiffs' failure to plead any conduct apart from the § 3604 violations, it is unnecessary to reach their argument that the severity of the conduct should be addressed in the pretext inquiry of the *McDonnell Douglas* framework, rather than the *prima facie* case.