**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

DULWORTH FAMILY LIMITED
PARTNERSHIP, and MARY
DULWORTH,

    Plaintiffs,

v.                                    Case No:  Case No:  11-cv-584-SPC-DNF

400 LA PENINSULA CONDOMINIUM
ASSOCIATION, INC.,

    Defendant.
_____/

## ORDER

    This matter comes before the Court on Plaintiffs Dulworth Family Limited Partnership and Mary Dulworth's Unopposed Motion to Retain Jurisdiction Over the Settlement Agreement and Incorporated Memorandum of Law (Doc. 41).

    This case arises out of a Fair Housing Act claim under 42 U.S.C. § 3601 et seq., filed on October 13, 2011.  On December 3, 2012, the parties entered into a Mediation Agreement (Doc. 41-1) and on December 10, 2012, the Court entered an Order dismissing the case without prejudice for sixty (60) days so that the parties may submit a stipulated form of final order or judgment, or move to reopen the action upon good cause shown (Doc. 35).  On January 22, 2013, Plaintiffs filed a motion to extend time to file the stipulation (Doc. 36), which the Court granted on January 31, 2013 (Doc. 37).

    Initially, Plaintiffs requested the Court to retain jurisdiction over the settlement agreement as part of March 19, 2013 and May 2, 2013 Unopposed Motions to Extend Time to Submit Stipulated Form of Final Order or Judgment and to Retain Jurisdiction Over the Settlement (Docs. 38 & 39).  The Court granted the extension on May 3, 2013,

but ordered the parties to file a separate motion for the Court to retain jurisdiction (Doc. 40). Plaintiffs likewise filed the instant motion (Doc. 41) on May 15, 2013, and now ask the Court to "retain jurisdiction over the settlement agreement following any stipulation of dismissal or case closure." (Doc. 41 at 2).

Per the Court's June 13, 2013 Endorsed Order (Doc. 44), the parties have until August 14, 2013, to submit a Joint Stipulation for Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). No such Stipulation has been brought before the Court as of this date, and no Order has been issued acknowledging the Stipulation.

A District Court can retain jurisdiction over a settlement agreement in two ways: "either (1) the district court must issue the order retaining jurisdiction . . . prior to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction." Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012). Further, the Order dismissing the suit may "embody the settlement contract . . . or . . . retain jurisdiction over the settlement contract if the parties agree." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 382, 114 S. Ct. 1673, 1677 (1994).

The parties agree that the Court shall retain jurisdiction over the settlement (Doc. 41-1 at 2). Because the parties agree to jurisdiction, and no stipulation has been filed, the Plaintiffs have timely moved the Court to retain jurisdiction; therefore, the Court hereby grants Plaintiffs' motion and agrees to retain jurisdiction over the settlement agreement.

Accordingly, it is now

**ORDERED:**

Plaintiffs Dulworth Family Limited Partnership and Mary Dulworth's Unopposed Motion to Retain Jurisdiction Over the Settlement Agreement (Doc. 41) is **GRANTED** to the extent that the Court will maintain jurisdiction over the case for 120 days after the final settlement has been filed with the Court.  After that period of time has passed the Court's jurisdiction will terminate without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida this day of June, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record